UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER ROBERT COOPER,<br><br>Defendant. | NO. 2:17-CR-0229-TOR-15<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A). ECF No. 1156. The Government has submitted its opposition. ECF No. 1159. The Court has reviewed the record and files herein, and is fully informed.

## BACKGROUND

On January 15, 2019, Christopher Robert Cooper appeared before the Court, waived indictment by a grand jury, and entered a plea of guilty to the Information Superseding Indictment filed on in open court, charging him with Conspiracy to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

1  Amount of Methamphetamine, in violation of 21 U.S.C. 841, 846.  ECF No. 721,
2  728.  On September 26, 2019, this Court sentenced Defendant to, inter alia, a 26-
3  month term of imprisonment, followed by a 5-year term of supervised release.
4  ECF No. 1073.  Defendant was remanded to the custody of the U.S. Marshal for
5  service of his sentence.  *Id*.

6  Defendant claims to have delivered a request for compassionate release to
7  the Warden at FCI-Lompoc on March 12, 2020.  ECF Nos. 1156 at 24-25; 1156-1
8  at 8 (unsigned declaration).  Defendant and his wife claim that several other
9  requests were sent to the Warden, as well.  A request for compassionate release
10 was denied on May 26, 2020.  ECF No. 1156-1 at 35.  The Government concedes
11 Defendant has exhausted his administrative remedies.  ECF No. 1159 at 8.

12 On June 6, 2020, Defendant filed the instant motion seeking compassionate
13 release.  ECF No. 1156.  Defendant seeks to serve his remaining sentence on home
14 confinement.  *Id*. at 30, 31.  He explains that he has a "history of strokes,
15 hypertension, high blood pressure, and obesity make him much more likely to die
16 from the coronavirus.  *Id*. at 27.  While he explains that he has already tested
17 positive for coronavirus on May 4, 2020, he contends that he may get re-infected.
18 *Id*. at 8-9.  He further explains that because of the lockdown in prison due to
19 COVID-19, "he has been unable to exercise and continues to gain weight, putting
20 him seriously at risk of another stroke."  *Id*. at 11-12, 31-32.  He contends there is

no reason to believe that FCI-Lompoc is equipped to handle his medical needs if he has another stroke. *Id*. at 27. Defendant has a projected release date of January 12, 2021 and may be eligible for home confinement in October 2020. *Id*. at 5.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18

U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or

substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, Application Note 1. Defendant's motion will be analyzed under the catch-all provision, "other reasons" that are "extraordinary and compelling."

**B. Exhaustion or Lapse of 30 days**

The Acting Warden of Lompoc denied Defendant's compassionate release request on May 26, 2020. ECF No. 1156-1 at 35. The Government concedes Defendant has exhausted his administrative remedies. ECF No. 1159 at 8. Accordingly, the Court finds Defendant has exhausted his administrative remedies.

**C. Extraordinary and Compelling Reasons**

Defendant contends that his medical condition presents an extraordinary and compelling reason to justify a reduction in sentence. Defendant, age 39, argues that with a history of strokes, hypertension, high blood pressure, and obesity make him much more likely to die from the coronavirus. Significantly, Defendant has

already contracted the coronavirus and has recovered.  ECF Nos. 1156 at 8; 1159 at 2.  One of Defendant's reasons for requesting release is that he is obese and gaining more weight because he is temporarily restricted from the exercise yard and exercise facility.

Whether Defendant is housed in prison or detained at home, the virus continues to spread throughout society.  Defendant has already contracted the virus and has recovered without complications.  Just because he fears a second infection does not warrant immediate release.  In this case, there are no extraordinary and compelling reasons for a reduction in sentence.

D. **Factors under 18 U.S.C. § 3553(a)**

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release.

At the time of the original sentencing, the Court fully considered those factors and imposed a sentence that was sufficient but not greater than necessary to comply with and fulfill the goals of sentencing.  Once again, the Court has fully considered these factors in light of the developments since sentencing.  Of particular note is that the criminal conduct here was not a one time event, but was a long standing conspiracy from September 2016 to December 2017 to distribute methamphetamine.  Significantly, while Defendant was on pretrial release he was

arrested again for possession and delivery of a controlled substance. His release conditions were then revoked and he was incarcerated pending sentencing. ECF No. 944 at 6.

The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct. The sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

E. **Danger to any Person and the Community under 18 U.S.C. § 3142(g)**

Defendant contends that he poses no danger to the community. ECF No. 1160 at 10. While Defendant's underlying crime is not categorized as a violent crime, it is a serious drug trafficking offense that carries with it a rebuttable presumption of detention and demonstrates the risk he presents to the safety of the community. Defendants addiction has not been treated, he has not completed any drug treatment or rehabilitation. Defendant explains that he should receive drug treatment while on home confinement because he cannot receive rehabilitative programming in prison. Defendant has three to six months to seek rehabilitative programming in prison. At this time, the Court finds Defendant continues to pose a risk to the community because he has not received and completed treatment.

**CONCLUSION**

Although Defendant's health condition is unfortunate, the Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction. Moreover, Defendant has failed to establish "extraordinary or compelling reasons" which would warrant a sentence reduction in his case.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A), ECF No. 1156, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** July 6, 2020.



THOMAS O. RICE
Chief United States District Judge